**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| HANGZHOU YIJIA TEXTILE CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> GOJA, LLC, <br><br> *Defendant*. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Hangzhou Yijia Textile Co., Ltd.[1] ("Plaintiff" or "Yijia") brings this action against Defendant Goja, LLC ("Defendant" or "Goja") for a declaratory judgment that U.S. Patent No. D898,475 (the "D475 Patent") is invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Yijia's products. In support thereof, Yijia alleges:

**NATURE OF THE ACTION**

1.      This is an action for a declaratory judgment of invalidity and noninfringement of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

2.      This action arises from Defendant's improper submission of a patent infringement report to Amazon.com, Inc. ("Amazon" or "Amazon Marketplace"), causing Amazon to de-list Plaintiff's mattress cover products identified by ASIN B0CH9Q6X58 and ASIN B0D2C4Y23R (the "Accused Products") from the Amazon Marketplace.

3.      The D475 Patent is invalid and, even if it were valid, the Accused Products do not

---

[1] Plaintiff does business as "YJBETU" on Amazon.com.

infringe upon any valid and enforceable claim of the D475 Patent.

4.     Defendant's infringement accusation and related conduct have disrupted Plaintiff's business operations, interfered with Plaintiff's ability to sell the Accused Products, and created an actual, immediate, and justiciable controversy between the parties, warranting resolution by this Court through declaratory relief.

## THE PARTIES

5.     Plaintiff Hangzhou Yijia Textile Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business in Hangzhou, China.

6.     Defendant Goja, LLC is a Florida limited liability company with its principal place of business at 355 Alhambra Circle, Suite 1150, Coral Gables, Florida 33134.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.     An actual, substantial, and immediate controversy of sufficient immediacy and reality exists between the parties to warrant declaratory relief. Defendant has affirmatively asserted that the Accused Products infringe the D475 Patent by submitting an infringement report to Amazon, resulting in the de-listing of the Accused Products. Plaintiff denies that its products infringe upon the D475 Patent and disputes the validity of the D475 Patent.

9.     This Court has personal jurisdiction over Defendant. Defendant is a Florida limited liability company with its headquarters in this District; maintains offices in this District; and directly and through its agents, regularly conducts and solicits business in this District and

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

elsewhere in the State of Florida.

10.    Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because Defendant has regular and established places of business in this District including, without limitation, Defendant's headquarters located at 355 Alhambra Circle, Suite 1150, Coral Gables, Florida 33134. Venue is also proper in this judicial district because, upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

### *Plaintiff and the Accused Products*

11.    Plaintiff sells a variety of household, storage, and moving-related products on Amazon through its YJBETU storefront and under the "BETU" brand, including mattress bags, moving and storage bags, and stretch wrap.

12.    The YJBETU storefront has received strong customer ratings on Amazon, holding an overall rating of 4.9 out of 5 stars.

13.    The Accused Products are mattress bag products identified by ASIN B0CH9Q6X58 and ASIN B0D2C4Y23R.

14.    The Amazon Marketplace is Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for household, moving, and storage products, Plaintiff's products must be listed on the Amazon Marketplace.

### *The D475 Patent and Defendant's Improper Infringement Report*

15.    U.S. Design Patent Application No. 29/712,449, entitled "Mattress Cover," was filed on November 8, 2019, and issued as U.S. Patent No. D898,475 on October 13, 2020. The D475 Patent identifies Bo Martin Sundberg as the sole inventor. A true and correct copy of the D475 Patent is attached as **Exhibit A**.

3

16. According to the United States Patent and Trademark Office Assignment Database, the D475 Patent is presently assigned to Defendant. The D475 Patent recites a single claim to a mattress cover as shown and described in the patent. Defendant has used the D475 Patent to prevent Plaintiff from selling the Accused Products on Amazon.

17. On or about February 23, 2026, Amazon removed the listings for the Accused Products from the Amazon Marketplace based on Defendant's infringement report submitted to Amazon, which alleged that the Accused Products infringe the D475 Patent. A true and correct copy of the listing removal notification from Amazon is attached as **Exhibit B**.

18. Defendant's submission of the infringement report has prevented Plaintiff from selling the Accused Products through its principal U.S. sales channel, causing substantial monetary damages, lost market share, loss of customer goodwill and harm to Plaintiff's reputation.

### *Prior Art and the Functional Nature of the Claimed Design*

19. Multiple mattress bag or cover products sold on Amazon and other marketplaces before the D475 Patent's priority date share the same or substantially similar features as the design claimed in the D475 Patent.

20. A product entitled "Mattress Bag with 8 Handles for Moving & Long Term Storage," depicted below, was available for sale on Amazon under the "MovingHost" brand (ASIN B07W6WPZ2N) no later than August 8, 2019. A true and correct copy of the Amazon listing is attached as **Exhibit C**.



BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

21.     Another product entitled "VENO Mattress Bag with 8 Handles for Moving and Storage," depicted below, was available for sale on Amazon under the "VENO" brand (ASIN B07YZ2F19S) no later than October 11, 2019. A true and correct copy of the Amazon.com listing is attached as **Exhibit D**.



22.     A substantially similar product entitled "Mattress Bag with Handles for Moving and Storage," depicted below, was available for sale on Amazon under the "Mattibag" brand (ASIN B07YCQ7S3D) no later than October 16, 2019. A true and correct copy of the Amazon.com listing is attached as **Exhibit E**.



23.     The above identified products constitute prior art to the D475 Patent.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

## COUNT I
### (Declaratory Judgment of Invalidity of the D475 Patent)

24.     Plaintiff repeats and incorporates by reference the allegations of paragraph 1-23 above as if fully set forth herein.

25.     The D475 Patent is invalid for failure to meet the conditions of patentability or otherwise comply with one or more of 35 U.S.C. §§ 102 (e.g., lack of novelty), 103 (e.g., obviousness), 112 (e.g., lack of enablement, lack of written description, indefiniteness, or failure to disclose best mode), 171 (e.g., not ornamental), and/or non-statutory common law doctrines.

26.     Additionally, the D475 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses the claimed design or renders the claimed design obvious.

27.     The D475 Patent is also invalid under 35 U.S.C. § 112 for lacking enablement, lacking written description, being indefinite, and failing to disclose the best mode.

28.     The D475 Patent is also invalid under 35 U.S.C. § 171 because the claimed design fails to qualify as an ornamental design as required by statute.

29.     There is an actual, substantial, immediate, and justiciable controversy between the parties regarding the invalidity of the claims of the D475 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the D475 Patent.

30.     Plaintiff is entitled to a declaratory judgment that the D475 Patent is invalid.

## COUNT II
### (Declaratory Judgment of Non-Infringement of the D475 Patent)

31.     Plaintiff repeats and incorporates by reference the allegations of paragraph 1-30 above as if fully set forth herein.

32.     As described previously, Defendant alleges that the Accused Products infringe the

6

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

D475 Patent.

33.     There is an actual, substantial, immediate, and justiciable controversy between the parties regarding whether Plaintiff has infringed the claim of the D475 Patent by making, using, offering to sell, selling, and/or importing the Accused Products in the United States.

34.     Properly construed, i.e. in light of the proximity of the prior art and removing from consideration the functional features of the claim of the D475 Patent, the Accused Products and the patented design would not be deemed to be substantially the same by an ordinary observer.

35.     At least on these bases, Plaintiff has not infringed, and does not infringe, the claim of the D475 Patent.

36.     Plaintiff is entitled to a declaratory judgment that neither Plaintiff nor the Accused Products infringes the claim of the D475 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for entry of judgment in its favor and against Goja as follows:

A.     For judgment in favor of Plaintiff against Defendant on all claims;

B.     For judgment that the Accused Products do not infringe, literally or under the doctrine of equivalents, the claim of the D475 Patent;

C.     For judgment declaring that the D475 Patent is invalid;

D.     Preliminary and permanent injunctions ordering Defendant to retract all Amazon infringement complaints lodged against the Plaintiff's Accused Products based on the D475 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

E.     Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

F.      For costs and reasonable attorney's fees incurred in connection with this and related actions to be paid by Goja;

G.      For a finding that this case is exceptional under 35 U.S.C. § 285;

H.      An award of any equitable relief to which Yijia may be entitled; and

I.      For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

April 27, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
2 S. Biscayne Blvd., Ste. 1500
Miami, Florida 33131
Telephone: (305) 347 5732
Facsimile: (305) 347 4089

By: */s/ Maria D. Corghi*
Maria D. Corghi, Esq.
Fla. Bar No.: 1017965
Email: maria.corghi@bipc.com

*Counsel for Plaintiff, Hangzhou Yijia Textile Co., Ltd*

4921-7796-1635, v. 4

8