**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| HANGZHOU YIJIA TEXTILE CO., LTD., | |
| *Plaintiff,* | Case No. 1:26-cv-22941-KMW |
| v. | |
| | JURY TRIAL DEMANDED |
| GOJA, LLC, | |
| *Defendant.* | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND AFFIRMATIVE COUNTERCLAIMS**

Defendant Goja, LLC ("Goja" or "Defendant") files its answer in response to Plaintiff Hangzhou Yijia Textile Co., Ltd.'s ("Plaintiff" or "Yijia") Complaint for Declaratory Judgment ("Complaint") [Doc.1] as follows:

## I. ANSWER

### *Nature of the Action*

1. Paragraph 1 is a summary of the nature of the lawsuit and requires no response. To the extent a response is required, Goja denies the same.

2. Paragraph 2 is a summary of the nature of the lawsuit and requires no response. To the extent a response is required, Goja denies that the submission of a patent infringement report it sent to Amazon was improper.

3. Goja denies the allegations set forth in Paragraph 3.

4. Goja denies the allegations set forth in Paragraph 4.

***The Parties***

5. Goja is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 regarding Plaintiff's residency and therefore denies the same.

6. Goja admits that it is a Florida Limited Liability Company with its principal place of business at Alhambra Circle, Suite 1150, Coral Gables, Florida 33134.

***Jurisdiction and Venue***

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Goja denies them.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Goja denies each and every allegation contained in Paragraph 8 and fully incorporates by reference its Response in Opposition to Plaintiff's Renewed Expedited Motion for Preliminary Injunction. *See* Doc. 15.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Goja admits that it is subject to this Court's personal jurisdiction.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Goja admits that venue is proper.

***Factual Background***

**Plaintiff and the Accused Products**

11. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and therefore denies them.

13. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and therefore denies them.

14. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore denies them.

15. Goja admits the allegations set forth in Paragraph 15.

16. Goja admits the allegations set forth in Paragraph 16.

17. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and therefore denies them.

18. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and therefore denies them.

**<u>Prior Art and the Functional Nature of the Claimed Design</u>**

19. Goja denies the allegations set forth in Paragraph 19.

20. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and therefore denies them.

21. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and therefore denies them.

22. Goja is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 and therefore denies them.

23. Goja denies the allegations set forth in Paragraph 23.

***COUNT I (Declaratory Judgment of Invalidity of the D475 Patent)***

24. Goja repeats and incorporates by reference its response to the allegations set forth in Paragraphs 1–23 as if fully set forth herein.

25. Goja denies the allegations set forth in Paragraph 25.

26. Goja denies the allegations set forth in Paragraph 26.

27. Goja denies the allegations set forth in Paragraph 27.

28. Goja denies the allegations set forth in Paragraph 28.

29. Goja denies the allegations set forth in Paragraph 29.

30. Goja denies the allegations set forth in Paragraph 30.

***COUNT II (Declaratory Judgment of Non-Infringement of the D475 Patent)***

31. Goja repeats and incorporates by reference its response to the allegations set forth in Paragraphs 1–30 as if fully set forth herein.

32. Goja admits that it alleges the Accused Products infringe the D475 Patent and denies the remaining allegations set forth in Paragraph 32.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Goja denies each allegation set forth in Paragraph 33. Goja has the right to report to Amazon any product which apparently infringes any Goja patent, and thus the requested relief sought by Plaintiff does not create a justiciable issue for this Court.

34. Goja denies the allegations set forth in Paragraph 34.

35. Goja denies the allegations set forth in Paragraph 35.

36. Goja denies the allegations set forth in Paragraph 36.

***Prayer for Relief***

WHEREFORE Goja denies that Plaintiff is entitled to any relief of any kind in this action.

## II. <u>AFFIRMATIVE DEFENSES</u>

Goja may rely upon the following affirmative defenses, subject to amendment based upon discovery.

37. Plaintiff has failed to state a claim upon which relief may be granted.

38. Plaintiff's request for injunctive relief fails for at least the reasons set forth in Goja's Response in Opposition to Plaintiff's Renewed Expedited Motion for Preliminary Injunction. *See* Doc. 15.

## III. COUNTERCLAIMS

Defendant and Counter-Plaintiff Goja, LLC hereby counterclaims against Plaintiff and Counter-Defendant Hangzhou Yijia Textile Co., Ltd. and alleges as follows:

### The Parties

1. Defendant and Counter-Plaintiff Goja, LLC ("Goja") is a Florida limited liability company with its principal place of business at 355 Alhambra Circle, Suite 1150, Coral Gables, Florida 33134.

2. Plaintiff and Counter-Defendant Hangzhou Yijia Textile Co., Ltd. ("Plaintiff" or "Yijia") is a company organized and existing under the laws of the People's Republic of China with its principal place of business in Hangzhou, China.

### Jurisdiction and Venue

3. This action for a declaration of patent validity and infringement arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States patent laws, 35 U.S.C. §§ 101 *et seq*.

4. This Court has personal jurisdiction over Plaintiff because Plaintiff has consented to the jurisdiction of this Court by filing the Complaint.

5. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because Plaintiff has consented to venue in this Court by filing the Complaint.

6. An actual controversy exists between Goja and Plaintiff at least as to whether the D475 Patent is valid and enforceable.

## COUNT I

### (Infringement of the D475 Patent)

7. Goja repeats and incorporates by reference the allegations set forth above in Paragraphs 1–6 of this Counterclaim.

8. Goja is the owner of all right, title, and interest by assignment to U.S. Design Patent No. D898,475, issued October 13, 2020. The D475 Patent is valid and enforceable. A true and correct copy of the D475 Patent can be found at Doc. 1-1.

9. The D475 Patent, titled "Mattress Cover," is directed to a unique and ornamental design for a mattress cover.

10. On or about February 23, 2026, Goja submitted a complaint to Amazon, claiming that the Plaintiff's products infringed Goja's D475 Patent.

11. On information and belief, Plaintiff's products, ASIN B0CH9Q6X58 and ASIN B0D2C4Y23R (the "Infringing Products"), infringe the D475 Patent.

12. Plaintiff has infringed, is infringing, and/or will infringe the D475 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale in the United States products which are covered by one or more claims of the D475 Patent, *i.e.*, the Accused Products.

13. Plaintiff's infringement has caused and will cause damage to Goja. As such, Goja is entitled to recover damages sustained by Goja as a result of Plaintiff's wrongful acts.

14. Plaintiff should be enjoined from infringing the D475 Patent.

15. Plaintiff's infringement is willful and deliberate, and this case is exceptional, entitling Goja to enhanced damages and attorney's fees under 35 U.S.C. § 285.

## COUNT II

**(Declaratory Judgment of Validity of the D475 Patent)**

16. Goja repeats and incorporates by reference the allegations set forth above in Paragraphs 1–15 of this Counterclaim.

17. Pursuant to 35 U.S.C. § 282, all issued patents are presumed valid. Therefore, the D475 Patent is presumed valid.

18. Plaintiff lacks clear and convincing evidence sufficient to overcome the statutory presumption of validity for the D475 Patent.

19. A judicial declaration establishing the validity and enforceability of the D475 Patent is necessary and appropriate to resolve this controversy and protect Goja's property rights.

## Prayer for Relief

WHEREFORE, Goja prays for judgment against Plaintiff as follows:

A. That Plaintiff's claims for declaratory judgment of invalidity be dismissed with prejudice;

B. That Plaintiff's claims for a declaratory judgment of non-infringement be dismissed with prejudice;

C. The Court enter a declaratory judgment that U.S. Patent No. D898,475 is valid and enforceable in all respects;

D. The Court enter a judgment that Plaintiff's Accused Products infringe the D475 Patent;

E. The Court award Goja damages adequate to compensate for Plaintiff's infringement, including at least a reasonable royalty pursuant to 35 U.S.C. § 284;

F. The Court award Goja enhanced damages and attorney's fees for Plaintiff's willful infringement pursuant to 35 U.S.C. § 285;

G. An award of equitable relief to which Goja may be entitled; and

H. For such other relief as the Court deems just and proper.

Respectfully submitted,

dated May 20, 2026

**STINSON LLP**

By: */s/ Angelina M. Gonzalez*
Angelina M. Gonzalez, Fla. Bar No. 98063
100 South Ashley Drive, Suite 500
Tampa, FL 33602
Tel: (813) 534-7334
Angelina.Gonzalez@stinson.com

Darlene F. Ghavimi, pro hac vice pending
Stewart N. Mesher, pro hac vice pending
**STINSON LLP**
100 Congress Ave. Suite 500,
Austin, Texas 78701
737.802.1532
darlene.ghavimi@stinson.com
stewart.mesher@stinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served upon all counsel of record via CM/ECF this 20th day of May, 2026.

*/s/ Angelina M. Gonzalez*