**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| HANGZHOU YIJIA TEXTILE CO., LTD.,<br><br>*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>GOJA, LLC,<br><br>*Defendant/Counter-Plaintiff.* | Case No. 1:26-cv-22941-KMW |

**PLAINTIFF/COUNTER-DEFENDANT HANGZHOU YIJIA TEXTILE CO., LTD.'S ANSWER AND DEFENSES TO DEFENDANT/COUNTER-PLAINTIFF GOJA, LLC'S COUNTERCLAIM**

Plaintiff/Counter-Defendant Hangzhou Yijia Textile Co., Ltd. ("Hangzhou Yijia" or "Plaintiff") hereby submits its Answer and Defenses to the Counterclaim [D.E. 21] filed on behalf of Defendant/Counter-Plaintiff Goja, LLC ("Goja" or "Defendant") as follows:

**GENERAL DENIAL**

Each allegation in the Counterclaim not specifically admitted herein shall be deemed denied. Further, Hangzhou Yijia assumes that all headings in the Counterclaim are immaterial and do not call for a response. To the extent a response is required, Hangzhou Yijia denies same.

**COUNTERCLAIMS**

**The Parties**

1. Upon information and belief, admitted.

2. Admitted.

**Jurisdiction and Venue**

3. Plaintiff admits that this action arises under the Declaratory Judgment Act and under the United States patent laws. To the extent that a response is required and except as

expressly admitted, Plaintiff denies any factual allegation implied in Paragraph 3 of the Counterclaim.

4. Solely for the purposes of this action, Plaintiff admits that this Court has personal jurisdiction over Plaintiff. Except as expressly admitted, Plaintiff states that the allegations in Paragraph 4 of the Counterclaim are statements of law, not allegations of fact, and as such do not require a response. To the extent that a response is required, and except as expressly admitted, Plaintiff denies any factual allegation implied in Paragraph 4 of the Counterclaim.

5. Solely for the purposes of this action, Plaintiff admits that venue is proper in this District. Except as expressly admitted, Plaintiff states that the allegations in Paragraph 5 of the Counterclaim are statements of law, not allegations of fact, and as such do not require a response. To the extent that a response is required, and except as expressly admitted, Plaintiff denies any factual allegation implied in Paragraph 5 of the Counterclaim.

6. Plaintiff admits that an actual controversy exists. Except as expressly admitted, Plaintiff states that the allegations in Paragraph 6 of the Counterclaim are statements of law, not allegations of fact, and as such do not require a response. To the extent that a response is required, and except as expressly admitted, Plaintiff denies any factual allegation implied in Paragraph 6 of the Counterclaim.

**COUNT I**
**(Infringement of the D475 Patent)**

7. Plaintiff hereby incorporates its response to the allegations in Paragraphs 1-6 of the Answer to the Counterclaim as set forth above as though fully stated herein.

8. Plaintiff admits that assignment records filed with the USPTO indicate that Defendant is the owner of the D475 Patent, which was issued by the USPTO on October 13, 2020. The document referenced as Doc 1-1 to the Complaint speaks for itself. To the extent the

allegations in Paragraph 8 of the Counterclaim are inconsistent with or mischaracterize the written document it purports to quote and/or summarize, the same are therefore denied. The remaining allegations are denied.

9. Plaintiff admits that the D475 Patent is titled "Mattress Cover." The remaining allegations are denied.

10. Upon information and belief, admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

**COUNT II**
**(Declaratory Judgment of Validity of the D475 Patent)**

16. Plaintiff hereby incorporates its responses to the allegations contained in Paragraphs 1 through 15 of the Answer to the Counterclaim, as set forth above as though fully stated herein

17. Plaintiff states that the allegations in Paragraph 17 of the Counterclaim are statements of law, not allegations of fact, and as such do not require a response. The remaining allegations are denied.

18. Denied.

19. Denied.

**Prayer for Relief**

Responding to Defendant's "Prayer for Relief" in the Counterclaim, including Paragraphs A-H, Plaintiff denies each and every allegation contained therein and denies that Defendant is

entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES, OTHER DEFENSES, AND SPECIFIC DENIALS

In further response to Goja's Counterclaim, subject to discovery and based on information and belief, without assuming the burden of proof, persuasion or production on any issue for which Goja bears the burden of proof, Plaintiff asserts the following affirmative and other defenses and specific denials:

### FIRST DEFENSE
***(Non-Infringement)***

Plaintiff does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the D475 Patent, either literally or under the Doctrine of Equivalents.

### SECOND DEFENSE
***(Invalidity — 35 U.S.C. §§ 102, 103, and 112)***

The claimed design is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE
***(Invalidity — On-Sale Bar, 35 U.S.C. § 102)***

The D475 Patent is invalid under 35 U.S.C. § 102 because the claimed design was on sale and in public use more than one year before the earliest claimed priority date of the D475 Patent. Specifically, the MATTIBAG® (a zippered tarp mattress bag with carry handles embodying the same overall visual appearance as the design claimed in the D475 Patent) was publicly offered for sale and sold commercially to customers in Australia, the United States, and internationally

beginning no later than 2015 and 2016, years before the application from which the D475 Patent issued was filed on November 8, 2019.

**FOURTH DEFENSE**
***(Invalidity — Anticipation by Prior Art)***

The D475 Patent is invalid under 35 U.S.C. § 102 because every element of the claimed design was anticipated by prior art that existed before the critical date of the D475 Patent, including without limitation the MATTIBAG® product designed and commercialized by Simon Gross beginning in approximately 2013, and publicly offered for sale and sold beginning no later than 2015 and 2016. The claimed design is the same as and not patentably distinct from this prior art.

**FIFTH DEFENSE**
***(Invalidity — Purely Functional Design, 35 U.S.C. § 171)***

The D475 Patent is invalid because the claimed design is dictated entirely by functional considerations and is not ornamental within the meaning of 35 U.S.C. § 171. Every feature of the claimed design (including the rectangular shape of the bag, the continuous zipper extending along three sides, the clamshell-style opening configuration, the placement and configuration of carry handles at intervals along the exterior, and the overall proportions) is dictated by the functional requirements of enclosing, protecting, lifting, and transporting a mattress. There are no purely ornamental features remaining after the functional elements are identified. Because the design is purely functional, it is not eligible for design patent protection.

**SIXTH DEFENSE**
***(Failure to State a Claim)***

Defendant's claims fail to state a claim upon which relief can be granted.

**SEVENTH DEFENSE**
***(Marking and Limitation on Damages)***

Any claim for damages by Defendant is limited or barred by Defendant's failure to comply with the marking requirements of 35 U.S.C. § 287. To the extent Defendant or its licensees made,

offered for sale, or sold products embodying the claimed design without proper patent marking, Plaintiff is not liable for damages accruing before Defendant provided actual notice of alleged infringement. Defendant's claims for damages are further limited by 35 U.S.C. §§ 286 and 287.

**EIGHTH DEFENSE**
***(No Willful Infringement)***

Plaintiff has not willfully infringed and does not willfully infringe the D475 Patent. Defendant's claims for enhanced damages under 35 U.S.C. § 284 and for attorneys' fees under 35 U.S.C. § 285 have no basis in fact or law and should be denied.

**NINTH DEFENSE**
***(Not an Exceptional Case)***

This case is not exceptional within the meaning of 35 U.S.C. § 285, and Defendant is not entitled to an award of attorneys' fees.

**TENTH DEFENSE**
***(Inequitable Conduct and Unclean Hands)***

The D475 Patent is unenforceable due to inequitable conduct and/or unclean hands. Upon information and belief, during prosecution of the application that issued as the D475 Patent, the applicant and/or its counsel knew of material prior art—including without limitation the MATTIBAG® product and its widespread commercial availability beginning in 2015 and 2016—and failed to disclose properly dated evidence of such material prior art to the United States Patent and Trademark Office with the intent to deceive. The MATTIBAG® was publicly sold, publicly advertised, featured on international e-commerce and crowdfunding platforms, and reviewed by hundreds of verified customers, all before the filing date, making it reasonably accessible to persons engaged in the mattress-moving products market.



BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

**ELEVENTH DEFENSE**
***(No Entitlement to Injunctive Relief)***

Defendant is not entitled to injunctive relief because, among other reasons: (a) Defendant cannot demonstrate irreparable harm; (b) the balance of hardships does not favor injunctive relief; (c) the public interest would not be served by an injunction; and (d) the D475 Patent is invalid and/or not infringed. Any harm to Defendant, which Plaintiff denies, is adequately compensable by monetary damages.

**RESERVATION OF ADDITIONAL DEFENSES**

Plaintiff reserves the right to assert additional affirmative defenses that may become apparent through the course of discovery, including without limitation additional allegations of inequitable conduct, and/or any other defenses currently unknown to Plaintiff. Plaintiff further reserves the right to supplement, amend, or withdraw any defense asserted herein as the factual record develops.

WHEREFORE, Plaintiff/Counter-Defendant Hangzhou Yijia Textile Co., Ltd, respectfully requests that this Honorable Court deny the relief requested in Defendant/Counter-Plaintiff Goja, LLC's Counterclaim [D.E. 21], and grant any and all such other and further relief in Plaintiff's favor as the Court deems just and proper.

Dated: June 3, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
2 South Biscayne Blvd., Suite. 1500
Miami, Florida 33131
Telephone: (305) 347 5732
Facsimile: (305) 347 4089

*- and -*

500 Delaware Ave., Ste. 720
Wilmington, Delaware 19801
Telephone: (302) 552 4204
Facsimile: (302) 552 4295

By: */s/ Maria D. Corghi*
Maria D. Corghi, Esq.
Fla. Bar No.: 1017965
Email: maria.corghi@bipc.com
Christopher Blaszkowski, Esq.
Email: christopher.blaszkowski@bipc.com
*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I filed a true and correct copy of the foregoing document through the Court's CM/ECF system, which will send notice of such filing to all attorneys of record in this matter.

/s/ *Maria D. Corghi*
Maria D. Corghi (FBN 1017965)

4931-0610-0657, v. 3