**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

HANGZHOU YIJIA TEXTILE CO., LTD.,

*Plaintiff*,

v.

GOJA, LLC,

*Defendant*.

Case No. 1:26-cv-22941-KMW

JURY TRIAL DEMANDED

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Hangzhou Yijia Textile Co., Ltd.[1] ("Plaintiff" or "Yijia") brings this action against Defendant Goja, LLC ("Defendant" or "Goja") for a declaratory judgment that U.S. Patent No. D898,475 (the "D475 Patent") is invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Yijia's products. In support thereof, Yijia alleges:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgments of unenforceability, invalidity, and noninfringement of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.* as well as for patent misuse and tortious interference with contract.

2. This action arises from Defendant's improper submission of a patent infringement report to Amazon.com, Inc. ("Amazon" or "Amazon Marketplace"), causing Amazon to de-list Plaintiff's mattress cover products identified by ASIN B0CH9Q6X58 and ASIN B0D2C4Y23R (the "Accused Products") from the Amazon Marketplace.

[1] Plaintiff does business as "YJBETU" on Amazon.com.

3. The D475 Patent is invalid and, even if it were valid, the Accused Products do not infringe upon any valid and enforceable claim of the D475 Patent.

4. Defendant's infringement accusation and related conduct have disrupted Plaintiff's business operations, interfered with Plaintiff's ability to sell the Accused Products, and created an actual, immediate, and justiciable controversy between the parties, warranting resolution by this Court through declaratory relief.

**THE PARTIES**

5. Plaintiff Hangzhou Yijia Textile Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business in Hangzhou, China.

6. Defendant Goja, LLC is a Florida limited liability company with its principal place of business at 355 Alhambra Circle, Suite 1150, Coral Gables, Florida 33134.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. An actual, substantial, and immediate controversy of sufficient immediacy and reality exists between the parties to warrant declaratory relief. Defendant has affirmatively asserted that the Accused Products infringe the D475 Patent by submitting an infringement report to Amazon, resulting in the de-listing of the Accused Products. Plaintiff denies that its products infringe upon the D475 Patent and disputes the validity of the D475 Patent.

9. This Court has personal jurisdiction over Defendant. Defendant is a Florida limited liability company with its headquarters in this District; maintains offices in this District; and

directly and through its agents, regularly conducts and solicits business in this District and elsewhere in the State of Florida.

10. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because Defendant has regular and established places of business in this District including, without limitation, Defendant's headquarters located at 355 Alhambra Circle, Suite 1150, Coral Gables, Florida 33134. Venue is also proper in this judicial district because, upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

### *Plaintiff and the Accused Products*

11. Plaintiff sells a variety of household, storage, and moving-related products on Amazon through its YJBETU storefront and under the "BETU" brand, including mattress bags, moving and storage bags, and stretch wrap.

12. The YJBETU storefront has received strong customer ratings on Amazon, holding an overall rating of 4.9 out of 5 stars.

13. The Accused Products are mattress bag products identified by ASIN B0CH9Q6X58 and ASIN B0D2C4Y23R.

14. The Amazon Marketplace is Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for household, moving, and storage products, Plaintiff's products must be listed on the Amazon Marketplace.

### *The D475 Patent and Defendant's Improper Infringement Report*

15. U.S. Design Patent Application No. 29/712,449, entitled "Mattress Cover," was filed on November 8, 2019, and issued as U.S. Patent No. D898,475 on October 13, 2020. The D475 Patent identifies Bo Martin Sundberg as the sole inventor. A true and correct copy of the

D475 Patent is attached as **Exhibit A**.

16. According to the United States Patent and Trademark Office Assignment Database, the D475 Patent is presently assigned to Defendant. The D475 Patent recites a single claim to a mattress cover as shown and described in the patent. Defendant has used the D475 Patent to prevent Plaintiff from selling the Accused Products on Amazon.

17. On or about February 23, 2026, Amazon removed the listings for the Accused Products from the Amazon Marketplace based on Defendant's infringement report submitted to Amazon, which alleged that the Accused Products infringe the D475 Patent. A true and correct copy of the listing removal notification from Amazon is attached as **Exhibit B**.

18. Defendant's submission of the infringement report has prevented Plaintiff from selling the Accused Products through its principal U.S. sales channel, causing substantial monetary damages, lost market share, loss of customer goodwill and harm to Plaintiff's reputation.

***Prior Art and the Functional Nature of the Claimed Design***

19. Multiple mattress bag or cover products sold on Amazon and other marketplaces before the D475 Patent's priority date share the same or substantially similar features as the design claimed in the D475 Patent.

20. A product entitled "Mattress Bag with 8 Handles for Moving & Long Term Storage," depicted below, was available for sale on Amazon under the "MovingHost" brand (ASIN B07W6WPZ2N) no later than August 8, 2019. A true and correct copy of the Amazon listing is attached as **Exhibit C**.




21. Another product entitled "VENO Mattress Bag with 8 Handles for Moving and Storage," depicted below, was available for sale on Amazon under the "VENO" brand (ASIN B07YZ2F19S) no later than October 11, 2019. A true and correct copy of the Amazon.com listing is attached as **Exhibit D**.




22. A substantially similar product sold under the tradename MATTIBAG®, depicted below, was available for sale no later than 2015.






23. Technical drawings of the MATTIBAG® prepared in 2014 by inventor Simon Gross reveal the overall shape and size of the prior art product corresponds to a mattress, with the zipper visible along three sides of the bag, and the carry handles positioned at intervals along the exterior of the bag:




24. A true and correct copy of an Amazon.com for the MATTIBAG® listing is attached as **Exhibit E**.

25. The above identified products constitute prior art to the D475 Patent.

## COUNT I
***(Declaratory Judgment – Invalidity of the D475 Patent)***

26. Plaintiff repeats and incorporates by reference the allegations of paragraph 1-25 above as if fully set forth herein.

27. The D475 Patent is invalid for failure to meet the conditions of patentability or otherwise comply with one or more of 35 U.S.C. §§ 102 (e.g., lack of novelty), 103 (e.g., obviousness), 112 (e.g., lack of enablement, lack of written description, indefiniteness, or failure to disclose best mode), 171 (e.g., not ornamental), and/or non-statutory common law doctrines.

28. Additionally, the D475 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses the claimed design or renders the claimed design obvious.

29. The D475 Patent is also invalid under 35 U.S.C. § 112 for lacking enablement, lacking written description, being indefinite, and failing to disclose the best mode.

30. The D475 Patent is also invalid under 35 U.S.C. § 171 because the claimed design fails to qualify as an ornamental design as required by statute.

31. There is an actual, substantial, immediate, and justiciable controversy between the parties regarding the invalidity of the claims of the D475 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the D475 Patent.

32. Plaintiff is entitled to a declaratory judgment that the D475 Patent is invalid.

**COUNT II**
***(Declaratory Judgment – Non-Infringement of the D475 Patent)***

33. Plaintiff repeats and incorporates by reference the allegations of paragraph 1-25 above as if fully set forth herein.

34. As described previously, Defendant alleges that the Accused Products infringe the D475 Patent.

35. There is an actual, substantial, immediate, and justiciable controversy between the parties regarding whether Plaintiff has infringed the claim of the D475 Patent by making, using, offering to sell, selling, and/or importing the Accused Products in the United States.

36. Properly construed, i.e. in light of the proximity of the prior art and removing from consideration the functional features of the claim of the D475 Patent, the Accused Products and the patented design would not be deemed to be substantially the same by an ordinary observer.

37. At least on these bases, Plaintiff has not infringed, and does not infringe, the claim of the D475 Patent.

38. Plaintiff is entitled to a declaratory judgment that neither Plaintiff nor the Accused Products infringes the claim of the D475 Patent.

**COUNT III**
***(Declaratory Judgment – Unenforceability – Inequitable Conduct)***

39. Plaintiff repeats and incorporates by reference the allegations of paragraph 1-25 above as if fully set forth herein.

40. The D475 Patent is unenforceable due to inequitable conduct committed during prosecution of the patent application before the United States Patent and Trademark Office.

41. On November 8, 2019, Bo Martin Sundberg ("Sundberg") filed U.S. Design Patent Application No. 29/712,449, which issued as the D475 Patent on October 13, 2020.

42. Sundberg was under a duty to disclose to the USPTO all information known to him to be material to patentability, including prior art, pursuant to 37 C.F.R. § 1.56.

43. On information and belief, Sundberg knew, at the time of filing, that the claimed design had already been publicly sold and offered for sale before the application was filed.

44. On information and belief, Sundberg knew, at the time of filing, that the MATTIBAG® product, embodying the same ornamental design as the claimed design, had been publicly offered for sale and sold to customers worldwide, including customers in the United States, beginning no later than 2015.

45. On information and belief, Sundberg copied the MATTIBAG® product.

46. On February 18, 2020, the applicant filed a Request for Expedited Examination of a Design Application pursuant to 37 C.F.R. § 1.155 (the "§ 1.155 Request"). That regulation requires, as a condition of expedited examination, that the applicant conduct a pre-examination search of the prior art and submit a certification of that search together with an Information Disclosure Statement listing the references found. By filing the § 1.155 Request, the applicant affirmatively represented to the USPTO that a good-faith pre-examination search had been conducted and that the accompanying IDS reflected its results.

47. On information and belief, the pre-examination search located the MATTIBAG® product. However, rather than disclosing a reference that established the MATTIBAG®'s actual date of first public commercial availability—no later than 2015 and more than four years before the filing date—the applicant submitted a website capture of the MATTIBAG® that reflected a date after the critical date of the D475 Patent application.

48. On information and belief, the submission of this post-dated reference reflects the applicant's intent to mislead the USPTO Examiner into believing that the MATTIBAG® is not prior art to the design claimed in the D475 Patent.

49. The submission of a post-dated capture in connection with a certified good-faith search is an affirmative misrepresentation. On information and belief, the applicant located the MATTIBAG® through a deliberate search, was aware of its actual prior art status, and disclosed a post-dated website capture rather than evidence demonstrating its true prior art significance.

50. Furthermore, neither the § 1.155 Request nor any subsequent Information Disclosure Statement disclosed Nordic Elk's October 2018 Amazon listings of a substantially identical product, or MattSafe's December 2018 commercial sales of the same design.

51. The misrepresented and withheld prior art is material to patentability under the but-for standard of *Therasense v. Becton Dickinson*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc). Had the USPTO Examiner been presented with evidence of the above identified prior art, including the MATTIBAG®'s actual first public availability more than four years before the November 8, 2019 filing date, the D475 Patent would not have issued.

52. The applicant acted with specific intent to deceive the USPTO. Specific intent is the only reasonable inference from the following pattern of conduct, taken as a whole.

53. By reason of the inequitable conduct described herein, the D475 Patent is

unenforceable.

54. Plaintiff is entitled to a declaratory judgment that the D475 Patent is unenforceable due to inequitable conduct.

**COUNT IV**
***(Tortious Interference)***

55. Plaintiff repeats and incorporates by reference the allegations of paragraph 1-25 above as if fully set forth herein.

56. Plaintiff has and had an established and valuable business relationship with Amazon.com, Inc. through its YJBETU storefront, through which Plaintiff sells the Accused Products and other goods to consumers in the United States. Plaintiff's Amazon storefront has received an overall customer rating of 4.9 out of 5 stars, reflecting a well-established and highly regarded commercial relationship. The Amazon Marketplace is Plaintiff's primary sales channel into the United States.

57. Defendant knew of Plaintiff's established commercial relationship with Amazon and its customers at the time Defendant submitted its IP infringement complaint to Amazon.

58. On or about February 23, 2026, Defendant intentionally and unjustifiably interfered with Plaintiff's business relationship with Amazon by submitting an IP infringement report to Amazon based on the D475 Patent, which Defendant knew or should have known was invalid and/or unenforceable based on its own prior commercial sales and offers for sale of products embodying the claimed design. This includes, by way of example, Defendant's knowledge about the MattiBag® sales, Nordic Elk's October 2018 Amazon listings of a substantially identical product under ASIN B07JG459R7, and MattSafe's December 2018 commercial sales of the same design.

59. Defendant's submission of the infringement report was intended to and did cause

Amazon to remove the listings for the Accused Products from the Amazon Marketplace without judicial process.

60. Defendant's interference was improper and unjustified. Defendant submitted the IP complaint based on a patent it knew, or with the exercise of reasonable and customary diligence should have known, was invalid and unenforceable, as demonstrated by the pre-filing commercial sales of substantially identical products, including by Simon Gross (the MATTIBAGCHEMN®) and/or by entities directly affiliated with Defendant's own predecessor in title.

61. Defendant's use of Amazon's extrajudicial IP complaint mechanism rather than seeking judicial relief constitutes wrongful means, as it deprived Plaintiff of the procedural protections afforded by the courts while achieving the functional equivalent of a preliminary injunction at no legal cost or risk to Defendant.

62. Defendant's unlawful conduct was intended to (and did) harm Plaintiff's business relationships with Amazon and with Plaintiff's customers.

63. Defendant's actions were not taken in good faith and its allegations of infringement are objectively baseless.

64. As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to: lost sales revenue from the Amazon Marketplace from the date of delisting; loss of customer goodwill and marketplace standing; harm to Plaintiff's seller reputation and ratings; lost market share; and the costs and expenses of this litigation.

65. Additionally, as a direct result of Defendant's wrongful Amazon IP complaint and the resulting delisting, Amazon has destroyed substantial amounts of Accused Product inventory belonging to Plaintiff that was held in Amazon's fulfillment centers. This destruction was a

foreseeable consequence of Defendant's improper enforcement action and constitutes a direct, concrete, and calculable element of Plaintiff's damages attributable to Defendant's tortious conduct.

66. Plaintiff is entitled to compensatory damages for all losses proximately caused by Defendant's tortious interference, including the value of destroyed inventory, lost revenues, and all consequential damages, as well as punitive damages given the intentional and unjustified nature of Defendant's conduct.

**COUNT V**
***(Declaratory Judgment – Unenforceability – Patent Misuse)***

67. Plaintiff repeats and incorporates by reference the allegations of paragraph 1-25 above as if fully set forth herein.

68. The D475 Patent is unenforceable against Plaintiff due to patent misuse.

69. Defendant has used the D475 Patent in a manner that impermissibly extends its scope beyond its legitimate reach.

70. The claimed design of the D475 Patent was already in public commerce at the time of filing, having been sold publicly by at least Simon Gross (MATTIBAG®) and/or by Defendant and/or its affiliates before Sundberg filed the application.

71. By obtaining a patent on a design already freely available in commerce, and then using that patent to exclude a competitor from the marketplace, Defendant has impermissibly acted in an anticompetitive manner.

72. Defendant's own press release describing the MattSafe acquisition identified the product as "patented," confirming that Defendant acquired the D475 Patent as a central component of the transaction. Any competent due diligence conducted by Defendant in connection with the MattSafe acquisition would have revealed the MATTIBAG®, which was and remains publicly

accessible.

73. Defendant therefore acquired and has enforced the D475 Patent with knowledge, actual or constructive, of the facts giving rise to its invalidity and/or unenforceability.

74. Defendant compounded this misuse by choosing to enforce the D475 Patent—which Defendant knew or should have known was invalid and/or unenforceable—not through the judicial process where the validity of the D475 Patent would be subject to immediate scrutiny, but through Amazon's extrajudicial IP complaint mechanism.

75. This mechanism allowed Defendant to obtain the functional equivalent of a preliminary injunction: the immediate and complete removal of Plaintiff's products from the dominant United States e-commerce channel for this product category, without filing a complaint, without posting a bond, without making any showing of likelihood of success on the merits, and without any judicial finding of infringement.

76. Defendant has impermissibly extended the scope of the D475 Patent through the combined effect of: (1) Defendant's knowledge of the invalidity and/or unenforceability of the D475 Patent; and (2) Defendant's use of Amazon's private enforcement infrastructure as a substitute for legitimate judicial process.

77. As a result of Defendant's patent misuse, the D475 Patent is unenforceable against Plaintiff and against all parties until the misuse has been purged.

78. Plaintiff is entitled to a declaratory judgment that the D475 Patent is unenforceable due to patent misuse, and to all associated relief including the reinstatement of Plaintiff's Amazon product listings and compensation for all damages caused by Defendant's improper enforcement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for entry of judgment in its favor and against

Goja as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims;

B. For judgment that the Accused Products do not infringe, literally or under the doctrine of equivalents, the claim of the D475 Patent;

C. For judgment declaring that the D475 Patent is invalid;

D. For a declaratory judgment that the D475 Patent is unenforceable due to inequitable conduct committed during prosecution, including the deliberate failure to disclose material prior art;

E. For a declaratory judgment that the D475 Patent is unenforceable due to patent misuse;

F. For compensatory damages, including but not limited to: (a) all revenues lost by Plaintiff as a result of the removal of the Accused Products from the Amazon Marketplace; (b) the value of the Accused Product inventory destroyed by Amazon as a direct and foreseeable consequence of Defendant's wrongful infringement complaint; (c) lost market share and customer goodwill; and (d) all other actual and consequential damages proven at trial;

G. For punitive damages arising from Defendant's intentional and unjustified tortious interference with Plaintiff's business relations with Amazon and Plaintiff's customers;

H. A permanent injunction ordering Defendant to retract all Amazon infringement complaints lodged against the Plaintiff's Accused Products based on the D475 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

I. Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

J. For costs and reasonable attorney's fees incurred in connection with this and related

actions to be paid by Goja;

K. For a finding that this case is exceptional under 35 U.S.C. § 285;

L. An award of any equitable relief to which Yijia may be entitled; and

M. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

Date: July 27, 2026.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Telephone: (305) 347 5732
Facsimile: (305) 347 4089

*- and -*

500 Delaware Ave., Suite 720
Wilmington, Delaware 19801

*- and -*

50 South 16th Street, Suite 3200
Philadelphia, PA, 19102

By: */s/ Maria D. Corghi*
Maria D. Corghi, Esq.
Fla. Bar No.: 1017965
Email: maria.corghi@bipc.com
Christopher Blaszkowski, Esq.
Email: christopher.blaszkowski@bipc.com
*Admitted pro hac vice*
Vincent Barbera, Esq.
Email: vincent.barbera@bipc.com
*Admitted pro hac vice*

*- and -*

Shaoyi Che, Esq.
YOUNG ZEAL, LLP
9355 John W Elliott Dr, Suite 25555
Frisco, TX, 75034
Email: che@yzlaw.com
*Admitted pro hac vice*

*Counsel for Plaintiff/Counter-Defendant*
*Hangzhou Yijia Textile Co., Ltd*